IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN WALKER, R49619, | ) |
| | ) |
|            **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )   Case No. 25-cv-234-DWD |
| DARREN GALLOWAY, | ) |
| JAMES VAUGHN, | ) |
| LANE, | ) |
| SMALLS, | ) |
| WALKER, | ) |
| JOHN DOE 2, | ) |
| JANE DOES 1-3, | ) |
| | ) |
|            **Defendant.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On April 14, 2025, the Court screened this case and initiated service of process on a handful of defendants. (Doc. 11). With that Order, the Court directed Plaintiff to file a notice containing identifying information about the John and Jane Doe defendants by May 14, 2025, so that the Court could initiate the process to identify these individuals. On June 18, 2025, the Court reviewed the case, noted that Plaintiff had missed the deadline, and set a new deadline of July 9, 2025. (Docket text 26). On July 23, 2025, the Court had not yet received anything, it noted Plaintiff's parole, and it reminded him of his obligation to update his address within 14 days. (Docket text 28). To date, the Court has not received any further correspondence from Plaintiff. The Court's Order reminding Plaintiff of his obligation to update his address was returned as undeliverable. (Doc. 30).

Meanwhile, the Defendants have now moved to dismiss this case for Plaintiff's lack of prosecution. (Doc. 29).

The Court has not received anything at all from Plaintiff he filed the Complaint. He was warned that a failure to correspond with the Court or to follow Court orders would result in the dismissal of this case for failure to prosecute. (Docs. 3, 11, 28); *see also* Fed. R. Civ. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a court has authority to dismiss an action for failure to prosecute if a party does not provide a timely response to a court order). He was also prompted in late July to update his address, but he has not done so.

Given that Plaintiff has completely abandoned this case, the Court now finds it appropriate to dismiss this matter for failure to prosecute. Defendants' Motion to Dismiss (Doc. 29) is **GRANTED**, and this matter is dismissed with prejudice for Plaintiff's failure to prosecute. The Clerk is also **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: September 18, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge